UNITED STATES, Appellee,

v.

Private First Class Wyatt L. MAT-THEWS, SSN 175–46–5017, United States Army, Appellant.

CM 439064.

U.S. Army Court of Military Review.

7 March 1984.

Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, and Captain William T. Wilson, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, and Lieutenant Colonel John T. Edwards, JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

OPINION OF THE COURT ON FURTHER REVIEW

NAUGHTON, Judge:

This case is before the Court on remand from the United States Court of Military Appeals.

Appellant was charged with premeditated murder and rape, in violation of Articles 118 and 120, Uniform Code of Military Justice, 10 U.S.C. 918 and 920 (1976), respectively. The case was referred to a general court-martial as a capital case. Appellant was convicted of both offenses. On 3 July 1979 he was sentenced to be put to death, to be dishonorably discharged, to forfeit all pay and allowances, and to be reduced to the grade of Private E–1. The convening authority approved the sentence. On 17 March 1982, by divided vote, the United States Army Court of Military Review, sitting en banc, affirmed appellant's sentence but set aside the portion of the convening authority's action which applied total forfeitures to pay and allowances becoming due on and after the date of the action. United States v. Matthews, 13 M.J. 501 (A.C.M.R.1982).

On 11 October 1983, the Court of Military Appeals reversed our decision as to appellant's sentence. United States v. Matthews, 16 M.J. 354 (C.M.A.1983). With respect to appellant's sentence to death, the Court of Military Appeals stated:

The evidence of record in this case provides ample aggravating circumstances to distinguish it from other murder cases and to justify the imposition of the sentence imposed. However, the lack of specific identified aggravating circumstances makes meaningful appellate review, at any level, impossible, and we cannot be sure that the sentence was correctly imposed. 16 M.J. at 380.

The Court of Military Appeals ordered the record of trial returned to The Judge Advocate General of the Army with directions either to submit the record to the Court of Military Review which could substitute a

sentence of life imprisonment and accessory penalties,[1] or to return the record to an appropriate convening authority for referral to a general court-martial for a rehearing on sentence if constitutionally valid procedures were provided by the President or Congress within ninety days of the date on which the mandate in appellant's case was issued. *United States v. Matthews,* 16 M.J. at 382. The mandate was issued on 27 October 1983.

On 24 January 1984, the President promulgated amendments to the Manual for Courts-Martial, United States, 1969 (Revised edition) which prescribe sentencing procedures to be followed in capital cases. Exec.Order No. 12460, 49 Fed.Reg. 3169 (1984). The amendments apply to trials of capital offenses committed on or after 24 January 1984. No action was taken by Congress to remedy the defects in court-martial sentencing procedures for capital offenses within the allotted ninety-day period. The Judge Advocate General of the Army on 1 February 1984 directed the record of trial be returned to this Court for action on the sentence in accordance with the mandate of the Court of Military Appeals. On 6 February 1984, in response to this Court's order of 2 February 1984, appellate defense counsel stated that no additional pleadings would be filed in appellant's behalf.

In accordance with the mandate of the Court of Military Appeals, this Court, upon consideration of the entire record, affirms that portion of appellant's sentence adjudging a dishonorable discharge, forfeiture of all pay and allowances, and reduction to the grade of Private E–1, and substitutes confinement at hard labor for life for appellant's sentence to death. That portion of the sentence forfeiting all pay and allowances became applicable on 14 December 1979, the date of the convening authority's action. *See supra* note 1.

Senior Judge WOLD and Judge COHEN concur.

---

1. The Court of Military Review determined that the forfeitures which had been adjudged by the court-martial as part of the sentence could not be executed because appellant was subject to a death sentence. The Court of Military Appeals disagreed, holding that "Since the death sentence generally is viewed as greater than a sentence to life imprisonment—and can be commuted to life imprisonment—we are sure that the power to collect forfeitures after approval of a lesser sentence implies that a similar power exists where the court-martial has adjudged the more severe penalty of death." 16 M.J. 354, 382 (C.M.A.1983).